UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| KELLY N. B., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, acting Commissioner of Social Security, <br><br> Defendant. | Case No.  1:22-cv-00358-REP <br><br> **MEMORANDUM DECISION AND ORDER** <br><br> **(Dkt.  1)** |

Pending is Plaintiff's Complaint (Dkt. 1) appealing the Social Security Administration's final decision finding her not disabled and denying her claim for disability insurance benefits. *See* Compl. (Dkt. 1).  This action is brought pursuant to 42 U.S.C. § 405(g).  All parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Dkt. 9).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

I. **ADMINISTRATIVE PROCEEDINGS**

Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act on April 12, 2016.  AR[1] 455.  Plaintiff alleged a disability onset date ("AOD") of June 13, 2015, based on borderline personality disorder, hiatal hernia, gastritis, seizures, and throat ulcers.  AR 199.  Her claim was denied initially on July 6, 2016, and again on reconsideration on September 22, 2016.  AR 254, 274.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

---

[1] Citations to "AR __" refer to the cited page of the Administrative Record (Dkt. 13).

**MEMORANDUM DECISION AND ORDER - 1**

ALJ Michael A. Kilroy scheduled a hearing for September 26, 2018, and subsequently dismissed Plaintiff's claim because she did not attend that hearing. AR 241-42. Plaintiff appealed to the Appeals Council, which remanded the matter to the ALJ because Plaintiff's representative had appeared at the September 26, 2018, hearing. AR 254-46. The ALJ held a new hearing on April 6, 2021, which Plaintiff and her representative attended. AR 14. On June 8, 2021, the ALJ issued a decision unfavorable to Plaintiff. AR 14-30. Plaintiff appealed again, and the Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. AR 1-6.

Having exhausted her administrative remedies, Plaintiff filed this case. Plaintiff raises two points of error, arguing that (i) the ALJ's step five finding is not supported by substantial evidence because it is based on vocational expert ("VE") testimony given in response to an incomplete hypothetical and (ii) the ALJ did not offer clear and convincing reasons to discount Plaintiff's subjective symptom testimony. Pln.'s Br. at 1.

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less

**MEMORANDUM DECISION AND ORDER - 2**

than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. THE SEQUENTIAL PROCESS

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

**MEMORANDUM DECISION AND ORDER - 3**

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant is engaged in SGA, disability benefits are denied regardless of her medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are

**MEMORANDUM DECISION AND ORDER - 4**

awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal a listed impairment, the claim cannot be resolved at step three and the evaluation proceeds to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of her impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, she is not disabled; if the claimant cannot do other work and meets the duration requirement, she is disabled.

## IV.  THE ALJ'S FINDINGS

The ALJ found that Plaintiff had not engaged in SGA since June 13, 2015, Plaintiff's AOD.  AR 18.  The ALJ found that Plaintiff suffered from the following severe impairments: irritable bowel syndrome, gastritis, personality disorder, anxiety, depression, and post-traumatic stress disorder.  *Id.*  None of these impairments, either individually or in the aggregate, met or

**MEMORANDUM DECISION AND ORDER - 5**

equaled the severity of a listed impairment in 20 C.F.R. part 404, subpart P, appendix 1. AR 19. Ultimately, the ALJ found that Plaintiff had the following RFC:

> [Plaintiff could] perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can walk and stand for 4 hours total in an 8-hour workday. She can sit for 6 hours in an 8-hour workday. She can lift, carry, push or pull 20 pound[s] occasionally and 10 pounds frequently. The claimant can never climb ladders, ropes or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, stop, kneel, crouch and crawl. The claimant must avoid concentrated exposure to extreme cold and vibrations. The claimant can occasionally interact with small groups of people, defined as two or three people at any one time and frequently interact with others on a one-on-one basis. These interaction limitations apply to in-person interaction with people, with no limitations in arm's length communication (i.e. telephone or computer). She is limited to performing simple, routine, repetitive work that requires occasional new learning.

AR 22. While the ALJ found that Plaintiff was unable to perform any past relevant work, she could, at her age, education, work experience, and RFC, perform jobs that existed in significant numbers in the national economy. AR 27-28. Consequently, the ALJ found that Plaintiff was not disabled. AR 30.

## V. DISCUSSION

### A. The ALJ's step five finding is supported by substantial evidence.

Plaintiff argues that her RFC was incomplete because it did not include credible limitations on her ability to interact with others. Pln.'s Br. at 13-15. Specifically, she argues that the ALJ erred in affording "great weight" to certain medical opinion evidence but subsequently failing to adopt all the limitations outlined in those opinions into his RFC determination. *Id.* Consequently, she argues that the ALJ's finding that she could perform work available in significant numbers in the national economy is unsupported because it is based on VE testimony given in response to a hypothetical premised on an incomplete RFC. *Id.* at 15-16.

**MEMORANDUM DECISION AND ORDER - 6**

"A claimant's RFC is what a claimant can still do despite h[er] limitations." *Moriarty v. Colvin*, Case No. CV 14-6909 RNB, 2015 WL 4397913, at *1 (C.D. Cal. July 17, 2015) (citing *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996)).  The ALJ bears the responsibility of "translating and incorporating clinical findings into a succinct RFC."  *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).  "The ALJ may incorporate the opinions of a physician by assessing RFC limitations entirely consistent with, but not identical to, limitations assessed by the physician."  *Shana D. v. Comm'r Soc. Sec.*, Case No. C22-5875-MLP, 2023 WL 3619081, at *2 (W.D. Wash. May 24, 2023).

At steps four and five of the sequential process, the ALJ will use the claimant's RFC to determine if the claimant can perform past relevant work or, if she cannot, whether the claimant can perform other work available in the national economy.  20 C.F.R. § 404.1545(a)(5).  In so doing, the ALJ may consult a VE by posing a hypothetical question, asking whether an individual with the claimant's RFC could perform claimant's past relevant work or other work existing in significant numbers in the national economy.  20 C.F.R. § 404.1560(b)-(c).  The ALJ must pose a hypothetical that reflects all the claimant's limitations, otherwise the resulting VE testimony "has no evidentiary value."  *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991). An ALJ's RFC (and hypothetical posed to the VE) may be incomplete when the ALJ "accept[s] concrete evidence of a claimant's limitations" and subsequently "fail[s] to incorporate such limitation in [the] RFC assessment."  *Moriarty*,  2015 WL 4397913, at *2; *see also Bagby v. Comm'r Soc. Sec.*, 606 Fed. App'x 888, 890 (9th Cir. 2015) (reversing and remanding an ALJ's decision where the ALJ fully credited a medical opinion but failed to incorporate all the opinion's limitations in the RFC); *Betts v. Colvin*, 531 Fed. App'x 799, 800 (9th Cir. 2013)

**MEMORANDUM DECISION AND ORDER - 7**

(holding that an ALJ erred in "according 'the greatest weight'" to a medical opinion but failing to include limitations identified in that opinion into the RFC).

The critical issue with respect to this assignment of error is whether the ALJ, by assigning "great weight" to three medical opinions, was required to incorporate all the limitations described in those opinions into the RFC. The answer to that question is no, as an ALJ does not have to incorporate every limitation outlined in a medical opinion, so long as the ALJ offers an adequate explanation for the departure. *See Betts*, 531 F. App'x at 800 (holding that an ALJ erred in "according 'the greatest weight' to a medical opinion and subsequently "disregarding aspects . . . [of the] opinion without providing any explanation"); *see also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (holding that an ALJ did not err in omitting certain limitations indicated by a medical opinion because "[t]he ALJ's opinion explain[ed] the omission of [the claimant's limitations] from the RFC finding").

What standard an ALJ must meet to adequately explain his departure from a medical opinion depends on when the claim for social security benefits was filed. *See Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). Plaintiff filed her claim on April 12, 2016, so the "old regulations" apply to the ALJ's evaluation of medical opinion evidence. 20 C.F.R. §§ 404.1527, 416.927 (relating to "Evaluating opinion evidence for claims filed before March 27, 2017"). Under the old rules, the level of deference an ALJ needed to afford a medical opinion, and, correspondingly, the strength of the explanation needed to disregard that opinion, varied based on whether the medical opinion came from an "acceptable medical source" or a so-called "other source." *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). To reject the testimony of an "acceptable medical source," an ALJ "must provide specific, legitimate reasons based on

**MEMORANDUM DECISION AND ORDER - 8**

substantial evidence in the record." *Id.* However, an ALJ may discount testimony from "other sources" by giving germane reasons. *Id.*

Here, the ALJ placed "great weight" in three medical opinions: an October 2017 opinion from Benjamin Saxey, Physician Assistant-Certified ("PA-C"), a March 2018 opinion from Mr. Saxey, and a January 2021 opinion from Licensed Clinical Professional Counselor ("LCPC") Paul Garn. AR 26-27. As it pertains to Plaintiff's assignment of error, the ALJ placed great weight in those opinions insofar as they concluded that Plaintiff had "moderate limitations in her ability to interact with others." AR 26-27. Although the ALJ placed great weight in these opinions, he did not fully incorporate the interactional limitations discussed in those opinions into Plaintiff's RFC. AR 22, 25-27. For instance, the opinions of Mr. Saxey and Mr. Garn indicated that Plaintiff could "[s]ometimes, but not consistently" work appropriately with co-workers, but the RFC limited Plaintiff to "frequent[] interact[ion] with others on a one-to-one basis." AR 22, 1226, 1414-15, 1913. In common usage, an activity that is performed "frequently" is not the same as one which is performed "sometimes;" thus, the RFC is somewhat less limited than the medical opinions on which the ALJ relied. *Compare Frequent*, CAMBRIDGE DICTIONARY, https://dictionary.cambridge.org/us/dictionary/english/frequent (last visited June 29, 2023) (defining "frequent" as "happens often"), *with Sometimes*, CAMBRIDGE DICTIONARY, https://dictionary.cambridge.org/us/dictionary/english/sometimes (last visited June 29, 2023) (defining "sometimes" as "on some occasions *but not always or often*") (emphasis added). Accordingly, the ALJ needed to offer a sufficient explanation for the difference between his RFC determination and these medical opinions.

Neither a PA nor LCPC qualified as an "acceptable medical source" under the governing rules, so the ALJ needed only to provide "germane reasons" for departing from the above

**MEMORANDUM DECISION AND ORDER - 9**

medical opinions. *Molina*, 674 F.3d at 1111; 20 C.F.R. §§ 404.1502, 416.902 (defining "[a]cceptable medical source"). With respect to each medical opinion, the ALJ noted that "more restrictive limitations [than those outlined in the RFC] are not supported by the majority of normal mental status examination findings, nor consistent with claimant's activities of daily living." AR 26. Plaintiff has not challenged the ALJ's findings concerning her activities of daily living or mental status examinations, nor has she offered an argument that these findings, if true, would constitute germane reasons for discounting medical opinion evidence. And, even if she did, inconsistency with mental status examination findings is a germane reason to discount conflicting "other source" opinion evidence. *Fisher v. Astrue*, 429 F. App'x 649, 652 (9th Cir. 2011). Same too, for discrepancies between a claimant's activities of daily living and the "other source" opinion. *Adams v. Berryhill*, 725 F. App'x 541, 542 (9th Cir. 2018) (it is "well-recognized" that inconsistency with a claimant's activities of daily living is "a germane reason for devaluing or dismissing the conflicting 'other source' opinion.") (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1163-64 (9th Cir. 2008)). Accordingly, the Court finds that the ALJ adequately explained the discrepancy between Plaintiff's RFC and the limitations outlined in the medical opinions on which he relied.

In sum, the ALJ was not categorically required to incorporate every limitation proposed by "other source" medical opinion evidence, even though he placed "great weight" in portions of those opinions. Where, as here, an ALJ offers a proper explanation for the discrepancy between the medical opinion evidence and the RFC, there is no error. Accordingly, the RFC was not incomplete, and the VE testimony elicited based on that RFC properly supports the ALJ's finding that Plaintiff was not disabled.

**MEMORANDUM DECISION AND ORDER - 10**

**B. The ALJ properly discounted Plaintiff's subjective symptom testimony.**

Plaintiff next challenges the ALJ's finding that her subjective symptom testimony was not entirely credible, arguing that the record contains no positive evidence contradicting her testimony with respect to her physical abilities. Pln.'s Br. at 18-20.

Where the record contains objective medical evidence "establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which [s]he complains" and there has not been an affirmative finding of malingering, a claimant's subjective symptom testimony may only be rejected for clear and convincing reasons. *Carmickle*, 533 F.3d at 1160. Here, the ALJ found that Plaintiff suffered from impairments which could reasonably be expected to produce her symptoms and that she was not malingering. AR 25. Nonetheless, the ALJ found that Plaintiff's subjective symptom testimony was "not supported by the objective medical evidence, her activities of daily living, and her statements at the hearings." AR 25. The inquiry for the Court, then, is whether these were clear and convincing reasons for discounting Plaintiff's subjective symptom testimony.

Plaintiff alleged debilitating pain in her stomach, throat, and back, which limited her to standing for no more than ten minutes at a time, lifting no more than "a gallon of milk" or a "12-pound bag of dog – cat food," and sitting for no more than thirty minutes. AR 103-104. Yet, the ALJ found this testimony to be not entirely credible, remarking that "the vast majority of physical examinations found the claimant to have normoactive bowel sounds, with no signs of tenderness, guarding, or rebounding of the abdomen." AR 23. Further, the ALJ noted "that the claimant has sought minimal treatment for her gastrointestinal impairments after August 2020." AR 24. In addition to the objective medical evidence, the ALJ pointed out that Plaintiff had been able to engage in "robust activities of daily living," and was able to "attend college, get married

**MEMORANDUM DECISION AND ORDER - 11**

to her boyfriend, engage in work activity, care for her friend, care for pets, perform household chores, operate a motor vehicle, and engage in crafting activities." AR 24.

The reasons listed by the ALJ to discount her subjective symptom testimony are all appropriate. While an ALJ may not require objective medical evidence to corroborate every aspect of a claimant's subjective symptom testimony, he can discredit that testimony by citing inconsistencies between it and the medical evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."). The ALJ did so here, noting that the vast majority of Plaintiff's physical examinations were normal, which is clearly at-odds with Plaintiff's described gastrointestinal symptoms. AR 23-24. Moreover, the ALJ's other bases for discounting Plaintiff's testimony – obtaining only minimal treatment after August of 2020 and participating in robust daily activities – are both independently sufficient reasons for rejecting subjective symptom testimony. *See, e.g.*, *id.* (explaining that inconsistent daily activities and conservative treatment can be used to discredit subjective symptom testimony); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (explaining that lack of consistent treatment and failure to seek treatment or evaluation can be used to discredit symptom testimony). And, since Plaintiff has not challenged either of those bases for discrediting her testimony, any error in the ALJ's analysis of the objective medical record is harmless because it would be "inconsequential to the ultimate nondisability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (explaining that "errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination.'").

**MEMORANDUM DECISION AND ORDER - 12**

Despite Plaintiff's arguments to the contrary, the ALJ articulated clear and convincing reasons for discrediting her subjective symptom testimony. Accordingly, the ALJ's decision is affirmed.

## VI. ORDER

Based on the foregoing, Plaintiff's Petition for Review (Dkt. 1) is **DENIED** and the decision of the Commissioner is **AFFIRMED.**

DATED: July 14, 2023

Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**